WILLIAM HILLGE, Respondent, *v.* CITY OF NEW YORK, Defendant, and 195 BROADWAY CORPORATION, Appellant.

First Department, October 27, 1953.

*Joseph L. Schilling* of counsel (*Harold Schaffner* with him on the brief; *Matthew E. Lawless,* attorney), for appellant.

*Lee S. Kreindler* of counsel (*Harry E. Kreindler* with him on the brief; *Benjamin Glickman,* attorney), for respondent.

*Per Curiam.* There was no proof of structural defect with respect to the top step of the stairway in question. The sidewalk not being level, of necessity the first step must have had a differential in level in relation to the graded sidewalk. At one end the step was one and one-eighth inches above the sidewalk. At the middle it was two and one-sixteenth inches, and at the other extreme it was three and one-sixteenth inches above the sidewalk. The jury should not have been permitted to weigh this differential, inconsiderable in the particular circumstances of this case, as a ground of negligence. On the other hand, a question of fact still remains as to whether under all the circumstances the owner of the building had an obligation to provide more light than it did to illuminate the approach to the top step. Precisely in point is the case of *Leventhal* v. *Cinema Realty & Leasing Corp.* (278 App. Div. 900, affd. 303 N. Y. 919).

Judgment for plaintiff should be reversed and a new trial granted.

PECK, P. J., COHN, BREITEL, BASTOW and BOTEIN, JJ., concur.

Judgment, so far as appealed from, unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.